UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Matthew Brown, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CareCentrix, Inc. and DJO Global, Inc.,<br><br>Defendants. | CIVIL ACTION NO. 1:25-cv-23534<br>(CLASS ACTION) |

## NOTICE OF REMOVAL

Defendant CareCentrix, Inc. ("CareCentrix") hereby provides notice pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 of the removal to this Court of the action commenced by Plaintiff Matthew Brown ("Plaintiff"). Plaintiff, an aspiring class representative, filed suit against Defendants CareCentrix and DJO Global, Inc. ("DJO Global") in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida. His action is styled *Matthew Brown, individually and on behalf of all those similarly situated, v. CareCentrix, Inc. and DJO Global, Inc.*, Case No. 2025-012704-CA-01 (the "State Court Action"). True and correct copies of the filings in the State Court Action are attached as **Exhibits A** (Complaint) and **B** (other filings).[1] CareCentrix denies the allegations contained in the underlying state court pleadings and files this Notice of Removal without waiving any claims, rights, or defenses. In support of removal, CareCentrix states:

**I.      Removal is Timely.**

---

[1] Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, CareCentrix has redacted the personally identifiable information in the Complaint's exhibits. The exhibits to Plaintiff's Complaint are available in unredacted form on the State Court Action's docket.

1

1.      This Notice of Removal is timely. CareCentrix waived service of the Complaint within the last thirty days. 28 U.S.C. § 1446(b).

2.      Counsel for CareCentrix executed a waiver of service of process of the Complaint on CareCentrix's behalf on July 17, 2025.

**II.     This Action Is Properly Removed on the Bases of Diversity Jurisdiction and the Class Action Fairness Act of 2005.**

3.      Defendants may remove any state court civil action over which the District Courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a).

4.      The Court has original jurisdiction over this dispute because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the jurisdictional minimum. 28 U.S.C. §1332(a).

5.      This action is also within the original jurisdiction of the Court pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA"). Pursuant to CAFA, federal courts have jurisdiction over any putative class action in which (1) the citizenship of at least one putative class member is different from that of at least one of the defendants—*i.e.*, in which there is minimal diversity; (2) the putative class action consists of at least 100 proposed class members; and (3) the aggregate amount placed in controversy by the claims of plaintiff and the proposed class members exceeds the sum or value of $5,000,000, exclusive of interest and costs.

**A.     The Parties Are Diverse.**

6.      Plaintiff is a citizen and resident of the state of Florida.

7.      CareCentrix is a Delaware corporation with a principal place of business in Connecticut. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state

where it has its principal place of business….."); *see also ECB USA, Inc. v. Chubb Ins. Co. of New Jersey*, 113 F.4th 1312, 1318 (11th Cir. 2024) (same).

8. DJO Global is a Delaware corporation with its principal place of business in Texas.[2]

9. There is sufficient diversity for removal under the relaxed CAFA requirements because at least one member of the putative class of plaintiffs is a citizen of a different state from Defendants. 28 U.S.C. § 1332(d)(2)(A).

10. The more stringent citizenship requirements of traditional diversity jurisdiction are also satisfied, as there is complete diversity of citizenship between the parties. The parties are citizens of different states.

B. **The Putative Class Exceeds 100 Proposed Members.**

11. The Complaint, on its face, satisfies CAFA's 100-class-member numerosity requirement. *See* 28 U.S.C. § 1332(d)(5)(B).

12. Plaintiff alleges that his desired class consists of "***hundreds, if not thousands***, of individuals…." (**Ex. A** ¶ 31 (emphasis added).)

C. **The Amount-in-Controversy Exceeds Threshold Requirements on the Face of the Complaint.**

13. The Complaint, on its face, also satisfies CAFA's amount-in-controversy requirement. 28 U.S.C. § 1332(d)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (explaining that CAFA liberally favors removal as Congress enacted it to facilitate adjudication of class actions in federal court); *Miedema v. Maytag Corp.*, 450 F.3d 1322,

---

[2] Plaintiff sued CareCentrix, Inc. and DJO Global, Inc. He identified these incorporated entities by their legal names in the summons, the caption, and throughout his Complaint (using his defined terms), notwithstanding his aberrant reference to Defendants as limited liability companies in Paragraphs 13 and 14 of the Complaint.

3

1330 (11th Cir. 2006) (explaining that courts "first examine[] whether 'it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement'") (citation omitted).

14. Plaintiff alleges that the value of his individual claims "exceed[] $50,000, exclusive of interest, attorneys' fees, and costs." (**Ex. A** ¶ 9.) Plaintiff asserts that these supposed damages are similar to those incurred by "hundreds, if not thousands," of other prospective class members. (*Id.* ¶¶ 31 & 33.) Adopting the most conservative construction of Plaintiff's claimed class—no less than one hundred class members—and the most conservative interpretation of his professed damages—no less than $50,000—100 multiplied by $50,000 equals $5,000,000.

15. Indeed, Plaintiff claims that his desired class of plaintiffs have sustained "***millions** [more than one million] of dollars*" in damages "***per year***" throughout "the applicable statute of limitations *[no less than four years]*." (*Id.* ¶¶ 1 & 30 (emphasis added); Fla. Stat. Ann. § 95.11(3)(e) & (k) (limitations periods).) Again, adopting the most conservative construction of Plaintiff's allegations, no less than two million dollars in yearly damages multiplied by no less than four years equals $8,000,000.

16. Plaintiff also seeks additional prospective and retroactive relief, including statutory damages of $1,000 per person (Fla. Stat. § 559.77), injunctive relief, declaratory relief, expert witness fees, and attorney's fees. (**Ex. A** ¶¶ 44, 45, 51-52.)

17. The Complaint, on its face, seeks damages exceeding CAFA's $5 million threshold. Even without aggregation under CAFA, the same allegations also demonstrate that the amount in controversy on Plaintiff's individual claims exceeds $75,000.[3]

---

[3] District courts may "employ their 'judicial experience'" and make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine the amount in controversy. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) & *Feliciano v. Aventus Ins.*

4

### III.     All Other Removal Requirements Have Been Satisfied.

18.     Pursuant to 28 U.S.C. § 1446(a) and this Court's Civil Filing Requirements, true and accurate copies of all pleadings, records, orders, and proceedings from the Florida Circuit Court are attached as **Exhibits A** and **B**. CareCentrix and Plaintiff have no motions or other filings pending the State Court Action. DJO Global filed a motion to dismiss for lack of personal jurisdiction on August 4, 2025, which this Court can consider upon removal.

19.     Contemporaneous with the filing of this Notice, CareCentrix will provide notice to Plaintiff and DJO Global, and will notify the Florida Circuit Court of this Removal. A true and accurate copy of the notice to the Florida Circuit Court is attached hereto as **Exhibit C**.

WHEREFORE, notice is given that this Action is removed from the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida.[4]

*[Signature Page Follows]*

---

*Co.*, 2023 WL 8699439, at *4 (M.D. Fla. Dec. 15, 2023) (citing, *inter alia*, *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014)); *see also, e.g.*, *Soares v. Scottsdale Ins. Co.*, 2019 WL 3773649, at *3 (S.D. Fla. Aug. 12, 2019) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.").

[4] If removal is challenged, CareCentrix requests the opportunity to submit briefs and be heard at oral argument on this matter.

Dated: August 6, 2025

Respectfully submitted,

By: */s/ Jeannine C. Jacobson*
**MAYNARD NEXSEN PC**
Jeannine C. Jacobson
Florida Bar No. 58777
9100 S. Dadeland Blvd.
Miami, FL 33156
(305) 735-3750
JJacobson@maynardnexsen.com
vorellanos@maunardnexsen.com

David C. Dill
*\* Pro Hac Vice Application Forthcoming*
Claire K. Atwood
*\* Pro Hac Vice Application Forthcoming*
104 South Main Street, Suite 900
Greenville, South Carolina 29601
(864) 370-2211
DDill@maynardnexsen.com
CAtwood@maynardnexsen.com

**WILKINS DAVIS, LLC**
Lane W. Davis
*\* Pro Hac Vice Application Forthcoming*
206 Mills Ave.
Greenville, South Carolina 29605
(864) 263-3155
Lane@WilkinsDavis.com

*Attorneys for CareCentrix, Inc.*

**CERTIFICATE OF SERVICE**

      I, Jeannine C. Jacobson, hereby certify that this document filed through the ECF system will be sent electronically to all registered participants as identified on the Notice of Electronic Filing (NEF), and electronic copies will be sent to those indicated as non-registered participants on this date, including Plaintiff Matthew Brown and Defendant DJO Global, Inc.

                                                                     */s/ Jeannine C. Jacobson*
                                                                     Jeannine C. Jacobson
                                                                     (Florida Bar No. 58777)

Dated: August 6, 2025